UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWIGHT WOODS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1394** |
| **WARDEN PETER LOFTON, III** | **SECTION: "R" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST.**

Petitioner, Dwight Woods, is a state prisoner incarcerated at the Avoyelles Detention Center, Marksville, Louisiana. On March 14, 2006, he was convicted of first-

degree robbery in violation of Louisiana law.[1]  On April 13, 2006, he was sentenced to a term of twelve years imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On December 21, 2007, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence.[3]  Petitioner did not seek review of that judgment by filing a writ application with the Louisiana Supreme Court.  Instead, he proceeded directly to federal court by filing the instant *habeas corpus* petition on February 26, 2008.

In its response in this proceeding, the state correctly concedes that petitioner's federal application was timely filed.[4]  However, the state wrongly concedes that petitioner exhausted his state court remedies.[5]  Because the state's concession is based on a clear legal error, and because a dismissal of the instant petition will result in no prejudice to petitioner if he timely returns to state court to exhaust his claims and then timely files a subsequent federal application presenting only exhausted claims, the undersigned recommends that the

---

[1] State Rec., Vol. 1 of 1, transcript March 14, 2006, p. 78; State Rec., Vol. 1 of 1, minute entry dated March 14, 2006.

[2] State Rec., Vol. 1 of 1, transcript of April 13, 2006, p. 8; State Rec., Vol. 1 of 1, minute entry dated April 13, 2006.

[3] *State v. Woods*, No. 2007 KA 1281 (La. App. 1st Cir. Dec. 21, 2007) (unpublished); State Rec., Vol. 1 of 1.

[4] Rec. Doc. 9, p. 6.

[5] Rec. Doc. 9, pp. 6-7.

instant application be dismissed without prejudice based on the failure to comply with the federal exhaustion requirement.[6]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must normally first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts. *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The state notes in its response that petitioner has not sought review of his claims by the state's highest court, the Louisiana Supreme Court,[7] and petitioner concedes as much in his federal application.[8] Further, a staff member of this Court was advised by the office of the Clerk for the Louisiana Supreme Court that petitioner has filed no applications whatsoever in that court. By failing to present his claims to the Louisiana Supreme Court,

---

[6] A federal court may raise *sua sponte* the lack of exhaustion. *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998); *see also Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001); *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Since the Court is raising this issue *sua sponte*, petitioner must submit any evidence or argument concerning the issue of exhaustion with any objections he may file to this report. *See Magouirk*, 144 F.3d at 359.

[7] Rec. Doc. 9, p. 3.

[8] Rec. Doc. 1, pp. 2 (answer to question 9(g)) and 10 (answer to question 13).

petitioner has failed to exhaust his remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Dwight Woods be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 10th day of September, 2008.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE